State of Nebraska, appellee, v. Jack Lee Ernest, appellant.

264 N. W. 2d 677

Filed April 12, 1978. No. 41704.

Paul E. Watts, Gerald E. Moran, Robert C. Sigler, and Julianne M. Dunn, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before White, C. J., Spencer, Boslaugh, McCown, Clinton, Brodkey, and White, JJ.

Boslaugh, J.

The defendant was charged with second degree arson, burglary, and with being an habitual criminal. He was found guilty on all counts and sentenced to imprisonment for 30 years, the sentence to run concurrently with an Iowa sentence. He has appealed and contends the trial court erred in overruling his

motion to suppress, in overruling his motion to dismiss the habitual criminal count, and in finding him to be an habitual criminal and sentencing him when he was not present in court.

The record shows that the defendant set fire to a tavern in Chadron, Nebraska, on October 13, 1976, by breaking a hole in the roof of the building and pouring gasoline into the building which was then ignited. The State presented the testimony of a companion of the defendant who was an eyewitness to the crime. The evidence was clearly sufficient to sustain a finding of guilty on the arson and burglary counts and the defendant does not contend otherwise.

The motion to suppress was directed at evidence seized on May 13, 1977, pursuant to a warrant issued in Omaha, Nebraska. The evidence consisted of photographs taken by the defendant and his companion while in South Dakota and two newspapers containing a story of the fire purchased by the defendant in Chadron after the fire. The affidavit upon which the warrant was issued listed three locations where the evidence might be found, all of which were residences where the defendant was known to stay from time to time. The evidence was found at the first address listed, the home of the defendant's mother.

The defendant contends the affidavit was insufficient because it was made on May 13, 1977, some 7 months after the crime and listed only possible locations where the evidence might be found. The items which were sought were in the nature of mementos and the lapse of time is not as significant as it might be in the case of contraband or the fruits of a crime. Because of the fact the defendant had no permanent residence but stayed at the home of his mother, the home of his father, and the home of a girl friend, and kept personal belongings at all three places, it was probable that the items sought would be found in one of these places. Under the particular facts of

this case we conclude that the defendant's contention that the affidavit was insufficient was without merit.

In support of the habitual criminal charge the State produced certified copies of three previous felony convictions of the defendant in this state which satisfied the statutory requirements. The defendant's contention that this proof was inadequate is without merit. See State v. Micek, 193 Neb. 379, 227 N. W. 2d 409.

The defendant failed to appear in court in person at the time fixed for sentencing. The record indicates the defendant had requested a continuance of the sentencing hearing which was denied. The defendant then dismissed an appeal that was pending before the Supreme Court of Iowa and surrendered to Iowa authorities so that he could avoid imprisonment in the Nebraska Penal and Correctional Complex where the husband of his companion on the trip to Chadron and South Dakota was imprisoned. The trial court felt that these facts amounted to a voluntary waiver by the defendant of his right to be present for sentencing and, over objection by defendant's counsel, found the defendant was an habitual criminal and sentenced him in his absence.

Sections 29-2201 and 29-2202, R. R. S. 1943, relating to allocution indicate clearly that sentencing should take place in the presence of the defendant. There is much authority to the effect that a sentence imposed in the absence of the defendant is generally void. See 21 Am. Jur. 2d, Criminal Law, § 304, p. 330.

Rule 43 of the Federal Rules of Criminal Procedure requires that the defendant be present at the imposition of sentence. In prosecutions for offenses punishable by fine or imprisonment for not more than 1 year, or both, the court may impose sentence in the defendant's absence if the defendant has given his written consent.

In State ex rel. Shetsky v. Utecht, 228 Minn. 44, 36 N. W. 2d 126, the Supreme Court of Minnesota held that a sentence was void where it had been imposed upon a defendant in his absence after he had voluntarily absented himself from the trial after the proceedings had begun. The court cited both Federal Rule 43 and section 291 of the American Law Institute's Code of Criminal Procedure which provide that the defendant shall be present when a sentence of death or imprisonment is pronounced, and if such a sentence is pronounced in his absence, he shall be resentenced when his presence is secured.

In United State v. Behrens, 375 U. S. 162, 84 S. Ct. 295, 11 L. Ed. 2d 224, the court held that a sentence imposed on a defendant in his absence was erroneous. See, also, Pollard v. United States, 352 U. S. 354, 77 S. Ct. 481, 1 L. Ed. 2d 393.

It has been suggested that a defendant may be sentenced in his absence only in the most extraordinary circumstances, where it would otherwise work an injustice, and then only under appropriate safeguards such as a waiver in open court or by affidavit. United States v. Brown, 456 F. 2d 1112.

The defendant's absence in this case was voluntary in the sense that he chose to surrender to the Iowa authorities to avoid imprisonment in the Nebraska Penal and Correctional Complex at this time. The case is no different in principle from that of a defendant who deliberately fails to appear at the time fixed for sentencing. In such a situation it is generally held that the absence is not a sufficient waiver and sentence can not be imposed until the defendant is present in court.

The finding that the defendant is an habitual criminal and the sentence thereon are vacated and the cause remanded to the District Court for further proceedings.

SENTENCE VACATED AND CAUSE
REMANDED FOR FURTHER PROCEEDINGS.