No. 68,322

STATE OF KANSAS, *Appellee*, v. GREGG FRANCIS BRAUN, *Appellant*.

(853 P.2d 686)

 Opinion filed
May 28, 1993. 

*Reid T. Nelson,* assistant appellate defender, argued the cause, and *Jean K. Gilles Phillips,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, were on the brief for appellant.

*John P. Wheeler, Jr.,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The defendant, Gregg Francis Braun, entered pleas of nolo contendere to two counts of first-degree murder, two counts of aggravated kidnapping, and two counts of aggravated robbery. In his direct appeal, he contends the court erred by sentencing him *in absentia* and abused its discretion in sentencing him. Finding no reversible error, we affirm.

Highly summarized, the facts are that the defendant, in order to support his cocaine habit, robbed two convenience stores in Finney County, Kansas. On both occasions and within hours of

one another, he abducted the female clerk at a convenience store, took her to an isolated area, and killed her execution style with a bullet in the back of the head.

The defendant's pleas of nolo contendere are not in issue. He personally appeared before the court and entered free and voluntary pleas to each count. In open court at the time the defendant entered his pleas, he indicated that he did not wish to be present for sentencing. Sentencing was set for April 30, 1992.

On April 15, 1992, the defendant executed a waiver of appearance for sentencing. He does not contend the waiver was anything other than his voluntary relinquishment of a known right executed with full advice of competent counsel. The waiver executed provides:

"I, Gregg Francis Braun, first being duly sworn, upon my oath state that:

1. I am executing this waiver of my right to appear at sentencing scheduled for the 30th day of April, 1992, only. This waiver shall not be construed to be a waiver as to any other matter.

2. I understand that the sentencing procedure is a part of the process of the courts wherein my right to be present is guaranteed by the Constitutions of the United States and the State of Kansas.

3. In addition to my constitutional right to be present I understand that the statutes of Kansas grant me the right, at a sentencing procedure prior to the actual pronouncement of sentence, to speak directly to the Court for purposes of mitigation or explanation. I further understand that at the sentencing procedure I have a right to allocution wherein the Court will inform me of the finding of the Court and ask if I know of any legal cause or reason why judgment and sentence should not be pronounced.

4. I understand that by waiving my right to appear at sentencing I am waiving my right to speak directly to the Court for purposes of mitigation or explanation and my right of allocution.

5. I also understand that I may revoke this waiver at any time.

6. I also warrant that I have visited with my attorney concerning this matter as much as I desire.

"I STATE NO FURTHER."

The defendant's attorney, on the morning set for sentencing, visited with the defendant at the county jail. The defendant again affirmed his decision not to be present at the sentencing and stated that he did not wish his attorney to make any statements on his behalf at the sentencing.

At the sentencing hearing, the following exchange took place with regard to the defendant's absence:

"THE COURT: You may be seated.

"Mr. Bahr, your client has previously filed with this Court an Affidavit that purports to waive his right to be present at this hearing today; is that correct?

"MR. BAHR: Yes, sir. It should be in the file. It was filed on 15 April. It was executed on 15 April of 1992, this year.

"THE COURT: It should be in here. Here we go. I see you have Mrs. Daniel here also in Court, and she did according to this Affidavit notarize the statement; is that correct?

"MR. BAHR: She did, sir. Also, she administered the oath to the defendant before he signed the document. She also asked him if he understood it and if he read it, and attested that he did. Then he signed the document, and then she notarized it. That took place over in the Finney County Jail.

"THE COURT: This Affidavit also appears to waive not only his right to be present, but his right to speak in mitigation and also his right to allocution; is that correct?

"MR. BAHR: That's true, sir, and he's also affirmed that to me verbally. I spoke with him before I came over here this morning just to confirm that it was still his wish to waive his appearance. And then I spoke with him again Monday evening, and he indicated at that point that he did not wish me to make any statement on his behalf at the sentencing, to simply stand silent.

"THE COURT: Are you satisfied in your own mind that he is aware that he may revoke that waiver at any time?

"MR. BAHR: Yes, sir, certainly. I've told him that several times. And he's always stated, I know that I can be there, but I don't choose to be.

"THE COURT: Mrs. Daniel, you did, in fact, deliver the oath to Mr. Braun?

"MRS. DANIEL: Yes, sir.

"THE COURT: Are you satisfied in your own mind that he was of such a state that he understood the nature of that oath?

"MRS. DANIEL: Yes.

"THE COURT: Mr. Pierce, do you have any comments or statements on behalf of the State?

"MR. PIERCE: Your Honor, the State of Kansas has received a brief from the defendant quite a while back citing *State v. Kelly*, and I've looked that case over quite a few times. One important aspect is that a defendant can waive his rights to be present during the trial by coming into court in open court and making that clear to the Court that he or she does not wish to be present during trial.

"However, Your Honor, as to the matter of sentencing, there was a discussion in the *Kelly* case which indicated that it's mandatory in regard to felony cases. However, it also indicates that it can again be waived.

"What has occurred in this particular case has been that defense counsel and the defendant have conversed with each other. The defendant has signed a notarized statement. The notary is present in Court. The only concern I

have from reading that document is, again, that he says that at any time he has the right to revoke that waiver. We don't have anything from the time that he signed that and it was notarized to today that says he does not except for Mr. Bahr's comments that he has made.

"And I implicitly trust Mr. Bahr's comments as being truthful and accurate, and I have no problems with that. I only feel that the concerns that the State would have that he would be present in Court or at least for the Court to determine at this point in time whether he wishes to waive any further appearance before the Court for sentencing or any other future hearings in this mattter.

"THE COURT: There is law to the effect that the waiver can be done either through open court or by sworn affidavit. And *State v. Fennell,* 218 Kan. 177, which was a successor to *State v. Kelly* gives several reasons or several purposes for the defendant to be present at sentencing.

"First is that he may be taken into immediate custody to effect the execution of the sentence, which is not of a concern at this point in that he is already in custody. And the second is that so the defendant may exercise his right of allocution. And he has been at least on the face of this Affidavit and by statements of Mr. Bahr indicated to the Court that he does understand that right. The Affidavit sets forth the nature and the purpose of the allocution, and he has waived that right.

"Given the unusual circumstances of this case, and also given the fact— and quite frankly, Mr. Pierce, the fact that this case has almost risen to explosive proportions because of your statements in public concerning your personal opinions as to Mr. Braun which have no basis in this matter, the Court is going to accept the waiver and not require Mr. Braun to be present.

"Mr. Pierce, has there been victim notification?

"MR. PIERCE: Yes, Your Honor. The State of Kansas has notified all victims that we had knowledge of. We have sent letters to them approximately three weeks ago when we first learned about this date and made sure that everybody did receive notice. We did make an announcement to the press to make sure that the press knew the date so that they could get it out to the public, and that has been done.

"THE COURT: Mr. Bahr, you have stated that your client has expressed to you his wishes that you not make any statements on his behalf?

"MR. BAHR: That's true, your Honor.

"THE COURT: Is there anything beyond that? And I'm not certain exactly how far that statement goes. Is there anything that you'd wish to state as the attorney for Mr. Braun at this time?

"MR. BAHR: Nothing, sir, other than the normal matters that would be in issue during the sentencing or prior to the sentencing. He and I have reviewed the presentence investigation, and he has no problems with that. He is aware of the sentences that have to be imposed in these proceedings. He has no problem with that. And beyond that, he asked that I make no further comment."

## Sentence in Absentia

The defendant claims that the sentences are void because the court failed to make the requisite findings (1) that extraordinary circumstances prevailed and (2) that an injustice would occur by requiring his presence. The defendant bases this argument upon the following quotation from *United States v. Brown,* 456 F.2d 1112, 1114 (5th Cir. 1972), wherein the Fifth Circuit Court of Appeals stated:

"While it is not error, in some circumstances, for a defendant to be absent during *trial* [citations omitted], a defendant *must* be present at sentencing. Only in the most extraordinary circumstances, and where it would otherwise work an injustice, should a court sentence a defendant *in absentia,* and then only under appropriate safeguards, as where the defendant has expressly waived his right to be present either by sworn affidavit or in open court for the record."

In *State v. Fennell,* 218 Kan. 170, 542 P.2d 686 (1975), this court, after recognizing that "[t]he right to be present at the time sentence or judgment is pronounced has been said to be a common-law right, separate and apart from the constitutional or statutory right to be present at the trial," 218 Kan. at 176, asked two questions:

"Can the right be waived, and, if so, has appellant by his conduct waived the requirement?

"The authorities elsewhere as to the legal effect of the voluntary absence of an accused when sentence is pronounced are divided. One line of cases holds that an accused waives his right to be present when he willfully absents himself at the time sentence is to be pronounced. Another line holds an accused cannot waive this right, even by his voluntary or willful absence (see anno. 6 A. L. R. 2d 997, and later case service). Generally, it may be said that most rights, even those constitutional, can within limitations be waived. K.S.A. 22-3405 is modeled after rule No. 43 of the Federal Rules of Criminal Procedure. In interpreting this rule in *United States v. Brown,* 456 F.2d 1112 (1972) the federal court said:

'. . . [A] defendant *must* be present at sentencing. Only in the most extraordinary circumstances, and where it would otherwise work an injustice, should a court sentence a defendant *in absentia,* and then only under appropriate safeguards, as where the defendant has expressly waived his right to be present either by sworn affidavit or in open court for the record.' (p. 1114.)

"The federal view appears sound. In *State v. Kelly,* 213 Kan. 237, 515 P.2d 1030, we recognized two purposes for a defendant's presence at sentencing: First, so that the defendant may be taken into custody immediately

for execution of the sentence—this purpose being one primarily for the state's benefit; and, second, so that the defendant may exercise his right of allocution—this primarily for the benefit of the accused. Therefore, the requirement for a defendant's presence being for the benefit of both parties, we concluded 'While the statute is "mandatory" in the sense that either party may demand compliance, it is no more jurisdictional than the many other constitutional and statutory mandates which may be waived by a party for whose benefit they were fashioned.' " 218 Kan. at 177.

In *Fennell*, we adopted the statement of *Brown* as sound. We also clearly concluded in *Fennell* that the defendant, within limitations, may waive his right to be present at sentencing.

Application of the federal test under the circumstances of this case demonstrates that the court found sufficient extraordinary circumstances and further concluded that requiring the defendant's presence would otherwise work an injustice when it stated:

"Given the unusual circumstances of this case and also given the fact— and quite frankly, Mr. Pierce, the fact that this case has almost risen to explosive proportions because of your statements in public concerning your personal opinions as to Mr. Braun which have no basis in this matter, the Court is going to accept the waiver and not require Mr. Braun to be present."

Neither *Brown* nor *Fennell* require that specific findings as to extraordinary circumstances and injustice be made on the record. The second part of the test requiring a sworn affidavit by the defendant clearly was met in this case. The trial court concluded in this case that because of the explosive proportions of the case, it would accept the waiver. Thus, we may conclude that the federal test has been met.

The defendant relies on several Kansas cases in support of his conclusion that the trial court erred in sentencing him *in absentia*. However, all cases cited by the defendant in support of his proposition may be distinguished.

Although in *Fennell* we found the sentencing *in absentia* void, *Fennell* does not require the same result here. In *Fennell*, the defendant fled the jurisdiction after escaping from custody following his conviction and was subsequently sentenced *in absentia*. The defendant expressly requested, pro se and through his counsel, the right to be present at his sentencing. There was no waiver in *Fennell*. Additionally, *State v. Turbeville*, 235 Kan. 993, 686 P.2d 138 (1984); *Aeby v. State*, 199 Kan. 123, 427 P.2d 453 (1967);

and *Roberts v. State,* 197 Kan. 687, 421 P.2d 48 (1966), dealt with correcting invalid or void sentences, and there was no waiver of appearance in these cases. In none of the cases cited by the defendant did the defendant voluntarily and with advice of counsel execute a written waiver of his right to be present for sentencing and allocution.

The defendant further relies on the case of *United States v. Strusberg-Gonzalez,* 626 F. Supp. 899, 900-01 (D. Md. 1986), where the defendants were tried *in absentia* and the court refused to sentence them until they appeared in court. Both defendants were fugitives, did not appear at any stage of the proceedings, and did not file an express waiver of their right to be present during sentencing. Under these circumstances, the court properly refused to sentence them *in absentia.* In the present case, however, the defendant was present at arraignment and at a subsequent hearing where he changed his plea, and he executed a sworn affidavit waiving his right to be present at sentencing. The defendant's reliance upon *Strusberg-Gonzalez* is misplaced.

While a trial court should encourage a defendant to execute his or her constitutional, statutory, and common-law right to be present at the sentencing stages of the trial, it is not incumbent upon the court or the prosecutor to force the defendant's appearance for sentencing over the defendant's objection. Here, the defendant indicated at the time he entered his pleas in open court that he did not want to be present for sentencing. Thereafter, with advice of counsel, he executed under oath an express waiver of his right to be present for allocution and sentencing. On the morning of the sentencing, he conferred with his attorney, reaffirmed his desire not to be present for sentencing, and advised his counsel to make no statement to the court on his behalf during sentencing. Under these circumstances, and given the very careful manner in which the trial judge considered on the record the defendant's absence prior to sentencing, we conclude that the defendant waived his right to be present for sentencing. As stated in *Fennell,* constitutional rights "can within limitations be waived." 218 Kan. at 177.

### Sentences Imposed

The court sentenced the defendant to four life sentences on

his four class A felonies: two felony-murder counts and two aggravated kidnapping counts. On his two counts of aggravated robbery, class B felonies, the court sentenced the defendant to two 15-year-to-life sentences. All sentences were ordered to run consecutively to each other and to the life sentence the defendant had received in New Mexico.

The defendant contends that the court abused its discretion by failing to follow the provisions of K.S.A. 21-4601 and K.S.A. 21-4606. The defendant contends that the sentences imposed are unduly harsh and fail to consider his severe drug addiction.

The record demonstrates that the court considered the provisions of K.S.A. 21-4601 and K.S.A. 21-4606. In addition, the court ordered and considered a report from the State Reception and Diagnostic Center prior to imposition of sentence. The sentences imposed fall within the permissible statutory limits and, in the absence of special circumstances showing an abuse of discretion, will not be disturbed on appeal. See *State v. Crispin,* 234 Kan. 104, 671 P.2d 502 (1983). No special circumstances are demonstrated by the defendant showing an abuse of discretion.

Affirmed.