Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/07/2020 08:08 AM CDT

State of Nebraska, appellee, v.
David L. Archie, appellant.
___ N.W.2d ___

Filed May 15, 2020.    No. S-19-930.

1. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
2. **Sentences.** When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. The sentencing court is not limited to any mathematically applied set of factors.
3. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.
4. **Effectiveness of Counsel: Appeal and Error.** Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity.
5. **Appeal and Error.** The purpose of an appellant's reply brief is to respond to the arguments the appellee has advanced against the errors assigned in the appellant's initial brief.

Appeal from the District Court for Lancaster County: Darla S. Ideus, Judge. Affirmed.

Joe Nigro, Lancaster County Public Defender, and Mark D. Carraher for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

David L. Archie appeals his conviction and sentence following his no contest plea to a charge of attempted first degree sexual assault. He contends that his sentence was excessive and that he received ineffective assistance of counsel in the district court proceedings. We conclude that the district court did not abuse its discretion in sentencing Archie. And because Archie did not specifically allege deficient performance of counsel as required by *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019), we do not consider his claim that he received ineffective assistance of counsel.

## BACKGROUND

*Archie's Plea and Conviction.*

Archie was initially charged in this case with first degree sexual assault. The information filed by the State alleged that between March 12, 1996, and April 6, 2004, he subjected T.A. to sexual penetration. According to the information, Archie was over 19 years of age and T.A. was under 16 years of age during this timeframe.

Archie and the State later reached a plea agreement. As part of the plea agreement, the State filed an amended information charging Archie with attempted first degree sexual assault. The amended information alleged that during the same time period referenced in the initial information, Archie attempted to subject T.A. to sexual penetration. Archie pleaded no contest to the amended information.

When asked by the court to provide a factual basis for the plea, the prosecutor described an investigation that began in February 2019 when T.A. filed a report with law enforcement alleging that Archie had sexually assaulted her when she was

a child. T.A. reported that Archie subjected her to sexual penetration in various forms and in various locations in Lincoln, Nebraska, beginning when she was 7 years old and continuing until she was 15 years old. In addition, after T.A. reported the assaults to law enforcement, she recorded a telephone conversation with Archie in which Archie admitted to having sexual intercourse with her when she was between 10 and 15 years old.

The district court accepted Archie's no contest plea, found him guilty of attempted first degree sexual assault, and scheduled a sentencing hearing.

*Sentencing.*

At the sentencing hearing, Archie's counsel argued for a lenient sentence. He emphasized that Archie's conviction was for conduct that occurred more than 15 years prior and argued that Archie "is a different person than he was 15 years ago." He contended that Archie no longer had a drinking problem. He also directed the district court's attention to a letter he submitted to the district court and which was included in the presentence investigation report. Aside from a few months in which Archie was released on parole, he was incarcerated for another conviction between 2004 and 2019. The letter referenced various programs Archie had completed while incarcerated, including recovery programs for sex offenders and substance abusers.

Before pronouncing Archie's sentence, the district court stated on the record that it had considered the presentence investigation report and all of the factors that trial courts are to consider in choosing an appropriate sentence. The district court then specifically addressed Archie's argument that he had been rehabilitiated while incarcerated for another conviction:

> I understand it is your position that this happened many years ago, before you were incarcerated, and that you have been rehabilitated while you are — while you have

been in prison. You have produced some certificates and indicated you have taken a number of classes. I think that in some respects you have probably benefited from the incarceration and grown from that.

However, sir, I read the transcript of the phone conversations you had with [the] victim. And those, quite frankly, tell a very different story. Sir, in the transcripts, based upon your statements and your reaction to the discussions you were having, you showed a complete lack of insight or understanding of the depravity of your conduct toward the victim. You talked about sexually assaulting a child as young as seven years old like you were reminiscing about good times. And more than once you told her that she had seduced you and you proudly recalled specifics about having sex with a pre-adolescent child. You talked about the things you had taught her. All of those things, sir, your words and your reaction to that discussion tell me very clearly you have not been rehabilitated when it comes to you being a sexual predator of children. I think if you are not incarcerated you absolutely will continue to be a danger to the community and children that you are exposed to.

The district court thereafter sentenced Archie to 18 to 20 years' imprisonment. Archie appealed.

## ASSIGNMENTS OF ERROR

Archie assigns two errors on appeal. He claims (1) that the district court abused its discretion by imposing an excessive sentence and (2) that he was denied effective assistance of counsel.

## STANDARD OF REVIEW

[1] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018).

## ANALYSIS

*Excessive Sentence.*

We begin our analysis with Archie's contention that he was given an excessive sentence. Archie does not and cannot dispute that his 18-to-20-year sentence was within the statutory limits; at the time of Archie's offense, attempted first degree sexual assault was a Class III felony punishable by up to 20 years' imprisonment. See Neb. Rev. Stat. §§ 28-105 (Reissue 1995 & Cum. Supp. 2002), 28-201(4)(b) (Reissue 1995 & Cum. Supp. 1998), and 28-319(1)(c) and (2) (Reissue 1995). He claims instead that the district court abused its discretion by failing "to account for" Archie's "rehabilitative progress" when sentencing him. Brief for appellant at 11. More specifically, Archie argues that the district court's imposition of a near-maximum sentence demonstrates that it did not consider his engagement in rehabilitative programs while incarcerated in the years between the offense and sentencing and letters from various individuals noting positive changes in Archie's life during that same time period.

[2,3] When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). However, the sentencing court is not limited to any mathematically applied set of factors. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Given the foregoing standards, we do not disagree that, in fashioning a sentence, it would be appropriate for the district court to consider, along with other factors, whether and to what extent Archie had demonstrated rehabilitiation in the

years following the offense at issue. We do disagree, how-ever, with Archie's argument that the district court did not consider them. To the contrary, at the sentencing hearing, the district court directly addressed Archie's claim that he should receive a lenient sentence because of his efforts at rehabilita-tion. As quoted at length above, the district court rejected the argument, finding that any notion that Archie had been rehabilitated was undercut by the recorded telephone conversa-tion between Archie and T.A. in which Archie, among other things, "proudly recalled specifics about having sex with a pre-adolescent child."

A transcript of the recorded telephone conversation the district court alluded to is included within the presentence investigation report. Having reviewed the transcript, we do not disagree with the district court's characterization of the call and certainly see no basis to say that the district court abused its discretion by assigning little to no weight to Archie's rehabili-tation argument in light of it.

Neither do we see any other basis to say that the district court erred in sentencing Archie to 18 to 20 years' imprison-ment. The district court expressly stated that it considered the relevant sentencing factors, and we see no indication in the record that it considered improper factors. Among those rel-evant sentencing factors was Archie's criminal history. Archie's previous incarceration was due to convictions for first degree sexual assault of a child and incest. He had also previously been convicted of assault, attempted robbery, and other crimes. The district court did not abuse its discretion in sentenc-ing Archie.

## Ineffective Assistance of Counsel.

[4] Archie's second assignment of error alleges that he "was denied effective assistance of counsel in violation of his con-stitutional rights under the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 11 of the Nebraska Constitution." This general assignment of

ineffective assistance of counsel does not comply with our declaration last year in *State v. Mrza*, 302 Neb. 931, 935, 926 N.W.2d 79, 86 (2019), that "assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity."

After the State's brief on appeal urged us not to consider Archie's ineffective assistance claim because of his failure to comply with *Mrza*, Archie filed a reply brief. The reply brief includes a section titled "Restatement of Assignments of Error." Reply brief for appellant at 1. In that section, Archie has reframed his ineffective assistance of counsel assignment of error to include several specific alleged instances of deficient performance by trial counsel. He argues that he has thereby "cured" any failure to comply with *Mrza* and that therefore, his ineffective assistance assignment of error should be considered. Reply brief for appellant at 2. He also contends that it should be considered because, even if his initial brief did not comply with *Mrza*, the specific instances of deficient performance he wished to assert could be discerned from the argument section of the brief. We are unpersuaded by Archie's arguments for reasons we will explain.

[5] First, an appellant cannot cure a failure to adequately assign error via a reply brief. We have often stated that the purpose of an appellant's reply brief is to respond to the arguments the appellee has advanced against the errors assigned in the appellant's initial brief and that errors may not be asserted for the first time in a reply brief. See, e.g., *Linscott v. Shasteen*, 288 Neb. 276, 847 N.W.2d 283 (2014). The ineffective assistance assignment of error in Archie's initial brief did not comply with *Mrza*. Allowing Archie to raise a *Mrza*-compliant ineffective assistance assignment of error in his reply brief would not be meaningfully different than allowing him to assert a brand new assignment of error in a reply brief. We also disagree with Archie's assertion that the

only rationale for the *Mrza* requirement is to relieve appellate courts from having to scour the argument section of a brief to identify the specific allegations of deficient performance and that his "[r]estatement" of his assignments of error eliminates that concern. Another obvious benefit of the *Mrza* requirement is that, if followed, the specifically alleged deficient performance will be clearly identified so that the appellee can respond in its brief on appeal. A late attempt to comply with *Mrza* does not afford the appellee the same opportunity.

We also decline Archie's invitation to attempt to discern the specific alleged instances of deficient performance from the argument section of his initial brief. We did "synthesize a specific assignment from the argument section" in *Mrza*, 302 Neb. at 935, 926 N.W.2d at 86, but we also made clear we would not do so in subsequent cases. On that basis, we recently refused to consider a claim of ineffective assistance of counsel that was assigned generally in a brief filed 3 months after our opinion in *Mrza* was released. See *State v. Guzman, ante* p. 376, 940 N.W.2d 552 (2020). Archie's initial brief was filed nearly 8 months after *Mrza*, and thus we will not consider his assignment of error alleging ineffective assistance of counsel.

## CONCLUSION

We find no error in Archie's conviction and sentence, and we do not consider his ineffective assistance of counsel claim. Therefore, we affirm.

Affirmed.