IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BURCH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MICHAEL D. BURCH, APPELLANT.

Filed August 31, 2021.    No. A-20-924.

Appeal from the District Court for Sarpy County: NATHAN B. COX, Judge. Affirmed as modified.

Gregory A. Pivovar for appellant.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

RIEDMANN, Judge.

INTRODUCTION

Michael D. Burch appeals his plea-based convictions of motor vehicle homicide and leaving the scene of an accident involving serious injury or death. His assignments of error relate solely to the sentences imposed by the district court. As explained below, we affirm as modified.

BACKGROUND

Burch was originally charged with motor vehicle homicide, leaving the scene of an accident involving serious injury or death, and reckless driving. Pursuant to a plea agreement with the State, the State dismissed the reckless driving charge, and Burch pled no contest to the two remaining charges.

According to the factual basis provided by the State at the plea hearing, on August 13, 2019, the victim was operating a motorcycle southbound on Highway 75, and Burch was also

- 1 -

traveling southbound on Highway 75, driving a minivan. Burch was speeding and aggressively moving around traffic, feeling "irritated" because he had just had an argument with his fiance about money. At some point, the victim ended up in the lane of travel in front of Burch and applied his brakes, causing Burch to have to apply his brakes because of how closely he was following the victim's motorcycle. This action further angered Burch, who then aggressively moved past the victim's motorcycle on the left. As Burch's minivan was traveling next to the victim's motorcycle, witnesses observed Burch jerk to the right causing his minivan to strike the motorcycle at the handlebar and send the victim tumbling into the interstate where he was struck by an approaching motorist. The victim died as a result of the incident.

After striking the motorcycle, Burch sped off down the highway traveling approximately 100 miles per hour, according to a witness, and did not stop as required by Nebraska law. He was taken into custody when he returned to the accident scene approximately 25 minutes after the first 911 call was received. Burch's cell phone contained messages indicating that he knew he had struck the victim, he had seen dust in his rearview mirror as he left the scene, and he knew something had happened. The State asserted that Burch's actions were a proximate cause of the victim's death.

The district court accepted Burch's pleas and found him guilty. It ordered the preparation of a presentence investigation report (PSR) and set the matter for sentencing. The court ultimately sentenced Burch to 3 years' imprisonment and 2 years' postrelease supervision for the motor vehicle homicide charge and to 3 years' imprisonment and 18 months' postrelease supervision for the leaving the scene of an accident charge. The terms of imprisonment were to run consecutive to each other and the terms of postrelease supervision were also to run consecutive to each other. The court additionally suspended Burch's driver's license for 15 years. Burch appeals.

## ASSIGNMENTS OF ERROR

Burch assigns, summarized and consolidated, that the district court erred in (1) imposing a void term of postrelease supervision and (2) imposing excessive sentences.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Archie*, 305 Neb. 835, 943 N.W.2d 252 (2020).

It is within the discretion of the trial court whether to impose probation or incarceration, and we will uphold the court's decision denying probation absent an abuse of discretion. *State v. Wills*, 285 Neb. 260, 826 N.W.2d 581 (2013).

Whether a sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment presents a question of law. *State v. Becker*, 304 Neb. 693, 936 N.W.2d 505 (2019). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Id*.

## ANALYSIS

*Postrelease Supervision.*

Burch raises several issues with regard to his sentences. We first address his argument related to postrelease supervision, which asserts that the district court abused its discretion by

imposing 2 years' postrelease supervision on the motor vehicle homicide charge. Because this term exceeds the statutory limits, we agree.

Motor vehicle homicide is a Class IIIA felony. Neb. Rev. Stat. § 28-306(3)(a) (Reissue 2016). The sentencing range for Class IIIA felonies includes a maximum of 3 years' imprisonment, 18 months' postrelease supervision, and/or a $10,000 fine. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). Thus, the postrelease supervision term of 2 years imposed by the district court here exceeds the statutory limits.

The power to define criminal conduct and fix its punishment is vested in the legislative branch, whereas the imposition of a sentence within these legislative limits is a judicial function. *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016). Accordingly, a sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime. *Id*. Because the term of postrelease supervision imposed by the district court is greater than the permissible statutory penalty for a Class IIIA felony, we modify that portion of the sentence and decrease it to the statutory maximum of 18 months' postrelease supervision.

*Excessive Sentences.*

With regard to his sentences as a whole, Burch argues that they were excessive because the district court should have imposed terms of probation, rather than imprisonment, or in the alternative and at a minimum, his sentences should have been ordered to run concurrently instead of consecutively. We find no abuse of discretion in the sentences imposed.

Leaving the scene of an accident involving serious injury or death is a Class III felony, punishable by up to 4 years' imprisonment, 2 years' postrelease supervision, and/or a $25,000 fine. Neb. Rev. Stat. § 60-698 (Cum. Supp. 2020); § 28-105. Thus, Burch's sentence is within the statutory limits. With the modification of his sentence for motor vehicle homicide, it, too, comes within the statutory limits. We therefore review Burch's sentences for an abuse of discretion.

When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Archie*, 305 Neb. 835, 943 N.W.2d 252 (2020). However, the sentencing court is not limited to any mathematically applied set of factors. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Burch was 36 years old at the time of sentencing. His criminal history includes at least 12 traffic violations. At sentencing, the district court recognized this history, observing that although Burch has no prior felony offenses or crimes of violence, his numerous traffic offenses indicate his disregard of the laws of the roads. At the time of these offenses, Burch had his 2½-year-old child in the vehicle with him.

The district court noted that from its review of the contents of the PSR, Burch manifested an absolute total lack of care, caution, concern, and appropriate behavior with regard to this event. It also found, despite Burch's explanations to the contrary, that he intentionally swerved and struck

the victim's motorcycle, which the court differentiated from instances where people fall asleep while driving or otherwise make unconscious errors without intending to harm anyone. The court credited Burch, however, for ultimately returning to the scene. The PSR included letters of support from Burch's family. It also contained numerous letters from the victim's family explaining the impact his loss has had on them.

It is clear that the district court considered the information contained in the PSR and the statutorily required sentencing factors, and it explained the reasons for its decision at the sentencing hearing. Our review of the record does not indicate that the court abused its discretion in withholding probation and imposing the sentences that it determined were warranted.

It is also within the discretion of the trial court to direct that sentences imposed for separate crimes be served consecutively. *State v. Elliott*, 21 Neb. App. 962, 845 N.W.2d 612 (2014). The test of whether consecutive sentences may be imposed under two or more counts charging separate offenses, arising out of the same transaction or the same chain of events, is whether the offense charged in one count involves any different elements than an offense charged in another count and whether some additional evidence is required to prove one of the other offenses. *Id.*

In this case, although the two offenses that Burch committed arose at the same time as Burch points out in his brief, they are separate offenses containing different elements and requiring different evidence to prove each crime. See, Neb. Rev. Stat. § 60-697 (Cum. Supp. 2020); § 28-306(3)(a). The district court therefore had the discretion to impose consecutive sentences, and it did not abuse its discretion in doing so. As the court observed at sentencing, Burch intentionally struck the victim's motorcycle, and then, although uninvolved motorists stopped to assist the victim, Burch drove away at a high rate of speed. Further, the court specifically explained that based on the "shocking nature" of Burch's actions, it decided to run the sentences consecutively. Accordingly, we affirm the sentences imposed.

*Eighth Amendment.*

Finally, Burch argues that the sentences imposed violate the Eighth Amendment because they were disproportionate to the facts of the case as well as his criminal history, age, and ability to be rehabilitated. We disagree.

The Eighth Amendment prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed. *State v. Becker*, 304 Neb. 693, 936 N.W.2d 505 (2019). The U.S. Supreme Court has characterized this as a "narrow proportionality principle" which does not require strict proportionality between crime and sentence, but, rather, forbids only extreme sentences that are grossly disproportionate to the crime. *Id.* (citing *Ewing v. California*, 538 U.S. 11, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003)).

Under ordinary Eighth Amendment analysis, each sentence is considered separately, not cumulatively, for purposes of determining whether it is cruel and unusual. *State v. Becker, supra*. Eighth Amendment analysis generally respects legislative determinations of statutory sentencing limits. *State v. Becker, supra*.

When considering each of Burch's sentences individually, it is clear that they are each well within the statutory limits. The district court explained its reasoning for the sentences it determined were appropriate, including the fact that its review of the circumstances of the offenses established that Burch acted intentionally in swerving and hitting the victim's motorcycle, which ultimately

led to the victim's death. The court distinguished those facts from circumstances where the defendant made unconscious errors without intending to harm anyone. Moreover, after hitting the motorcycle with his minivan, rather than stopping to render aid, Burch elected to leave the scene at 100 miles per hour with his young child in the vehicle. Our review of the record leads to the conclusion that the sentences imposed were not grossly disproportionate to the crimes committed.

*Plain Error.*

In its brief, the State asserts that the district court committed plain error when it granted Burch credit for 2 days of time served against each of his sentences, which were ordered to run consecutively. We agree with the State.

At the sentencing hearing, the district court announced that Burch "should be sentenced to a period of 3 years on Count I with credit for 2 days already served, and 3 years on Count II with credit for 2 days served." The sentencing order contained identical language. According to the PSR, Burch served 2 days in jail prior to sentencing.

Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Williams*, 282 Neb. 182, 802 N.W.2d 421 (2011).

An offender shall be given credit for time served as a result of the charges that led to the sentences; however, presentence credit is applied only once. *Id*. When consecutive sentences are imposed for two or more offenses, periods of presentence incarceration may be credited only against the aggregate of all terms imposed: an offender who receives consecutive sentences is entitled to credit against only the first sentence imposed, while an offender sentenced to concurrent terms in effect receives credit against each sentence. *Id*.

Because the district court ordered Burch's sentences to run consecutively to each other, it was error to grant him 2 days of time served on each count. We therefore modify the sentencing order to state that Burch is entitled to credit for time served in the amount of 2 days against only the sentence imposed for count I.

## CONCLUSION

We modify the sentencing order to reduce the postrelease supervision term for the motor vehicle homicide charge to 18 months and strike the credit of 2 days served imposed for count II. We otherwise affirm the sentences.

AFFIRMED AS MODIFIED.