IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. BREDEMEIER


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

RAQUEL A. BREDEMEIER, APPELLANT.


Filed September 10, 2024.    No. A-24-117.


Appeal from the District Court for Jefferson County: DAVID J. A. BARGEN, Judge. Affirmed, and remanded with directions.

Timothy J. Anderson, of Dornan, Troia, Howard, Breitkreutz, Dahlquist & Klein, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.


MOORE, ARTERBURN, and WELCH, Judges.

MOORE, Judge.

INTRODUCTION

Raquel A. Bredemeier appeals from her plea-based conviction in the district court for Jefferson County of motor vehicle homicide, for which she was sentenced to 18 to 20 years' imprisonment. Bredemeier claims on appeal that the district court abused its discretion in the imposition of an excessive sentence. We affirm the conviction and sentence of imprisonment; however, we remand the cause for a determination of a period of revocation.

STATEMENT OF FACTS

On July 27, 2021, Bredemeier was originally charged by information with motor vehicle homicide, driving under the influence of alcohol (first offense), and crossing over the center line. The State later filed an amended information to add the charge of manslaughter. The charges arose

as a result of an automobile accident which occurred on January 20, 2021, and in which the driver of another vehicle died at the scene. Pursuant to a plea agreement, on December 7, 2023, Bredemeier pled no contest to the second amended information charging her with motor vehicle homicide, a Class IIA felony; the remaining charges were dismissed.

Bredemeier did not include the plea hearing proceedings in the bill of exceptions on appeal. We discern the factual basis from the presentence investigation report (PSR) contained in our record. According to this report, Bredemeier was operating her vehicle on a highway when she crossed the center line and struck another vehicle driving in the opposite direction. She then continued driving in the opposite lane and hit another vehicle head on, killing the driver of that vehicle.

According to Bredemeier's statement in the PSR, she had been at a bar where she ordered two shots of "Fireball" and one "Coors Lite." After she went to the restroom, a man at the bar bought her another shot, after which "the guys" shared a slice of pizza with her. That was the last thing she remembered before waking up in the hospital. According to Bredemeier, a doctor told her that her blood test results showed the presence of benzodiazepines, which could be used as a date rape drug when taken with alcohol.

A sentencing hearing was held on February 1, 2024. After comments by counsel for the State and Bredemeier, and allocution by Bredemeier, the district court sentenced her to 18 to 20 years' imprisonment.

### ASSIGNMENT OF ERROR

In her assignment of error section of her brief, Bredemeier assigns as error only that the district court abused its discretion in imposing an excessive sentence.

In the argument section, Bredemeier asserts that she received ineffective assistance of trial counsel in several respects. To be considered by an appellate court, the party asserting the alleged error must both specifically assign and specifically argue it in the party's initial brief. See *State v. Garcia*, 315 Neb. 74, 994 N.W.2d 610 (2023). Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2023) requires an appellant's brief to include, under the appropriate heading, "[a] separate, concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error." The rule specifies that "[e]ach assignment of error shall be separately numbered and paragraphed." The rule cautions that "[c]onsideration of the case will be limited to errors assigned and discussed in the brief," but that "[t]he court may, at its option, notice a plain error not assigned."

Bredemeier attempts to correct the deficiency in her initial brief by including additional assignments of error regarding ineffective assistance of trial counsel in her reply brief. However, an appellant cannot cure a failure to adequately assign error via a reply brief. See *State v. Archie*, 305 Neb. 835, 943 N.W.2d 252 (2020). The purpose of an appellant's reply brief is to respond to the arguments the appellee has advanced against the errors assigned in the appellant's initial brief. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). An assignment of error raised for the first time in a reply brief is untimely and will not be considered by an appellate court. *Id.* See, also, *U.S. Pipeline v. Northern Natural Gas Co.*, 303 Neb. 444, 930 N.W.2d 460 (2019) (errors not assigned in appellant's initial brief are waived and may not be asserted for first time in reply brief).

In her reply brief, Bredemeier asks that we consider the allegations of ineffective assistance of counsel under the plain error doctrine, noting that her argument section of her initial brief set forth a discussion of the claims. We decline to do so. The Nebraska Supreme Court has rejected argument headings as insufficient to assign error, stating that where the assignments of error consist of headings or subparts of arguments and are not within a designated assignments of error section, an appellate court may proceed as though the party failed to file a brief, providing no review at all, or, alternatively, may examine the proceedings for plain error. *Mathiesen v. Kellogg*, 315 Neb. 840, 1 N.W.3d 888 (2024). However, the Nebraska Supreme Court has also made it abundantly clear since its decision in *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019) that assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. See *State v. German*, 316 Neb. 841, 7 N.W.3d 206 (2024) (citing numerous instances of adherence to this principle). See, also, *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020) (ineffective assistance of counsel claim not considered when assigned error did not specify counsel's deficient performance, even though argument section of brief discussed claims in detail).

## STANDARD OF REVIEW

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Johnson*, 308 Neb. 331, 953 N.W.2d 772 (2021). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

## ANALYSIS

Bredemeier assigns that the district court imposed an excessive sentence. She argues that the court failed to consider the "substantial mitigation for her crime," and her "considerable post-offense rehabilitation." Brief for appellant at 13. Bredemeier points to the extrapolation of her blood alcohol content to have been only 0.106 percent, an amount arguably within the margin of error for being considered above the legal limit. She notes the significant likelihood that she was drugged at the bar where she was drinking prior to the accident. During the pretrial phase of her case, Bredemeier obtained a drug and alcohol evaluation and began following the recommendations of the evaluation and attended counseling. She has been donating 10 percent of her eBay sales income to Mothers Against Drunk Driving. Bredemeier has five children and she is their primary caretaker. She argues that she has a minimal criminal history and she is a good candidate for probation, yet she was sentenced to the maximum range allowed by law.

Bredemeier's sentence was within the statutory limits. She was sentenced to a Class IIA felony, for which the penalty is up to 20 years' imprisonment, with no minimum sentence. See, Neb. Rev. Stat. § 28-306(1) and (3)(b) (Reissue 2016); Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Stack*, 307 Neb 773, 950 N.W.2d 611 (2020). In determining a

- 3 -

sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

There is nothing in the record to suggest that the district court did not consider the mitigating factors Bredemeier identifies. The court specifically noted her sincere comments of remorse made during allocution. Nevertheless, Bredemeier argues that consideration of the mitigating factors should have resulted in the imposition of probation or a considerably shorter sentence. It is not this court's function to conduct a de novo review of the record to determine what sentence we would impose. See *State v. Horne*, 315 Neb. 766, 1 N.W.3d 457 (2024). While the district court focused on the seriousness of the offense, there is no error in that regard. We cannot say that the district court abused its discretion in sentencing Bredemeier to 18 to 20 years' imprisonment.

The State points out in its brief on appeal that the district court failed to revoke Bredemeier's license as required by statute. See § 28-306(3)(b) (as part of judgment of conviction for motor vehicle homicide, court shall order person not to drive for at least 1 year and not more than 15 years and order revocation of operator's license for same period). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *State v. Brown*, 317 Neb. 273, 9 N.W.3d 871 (2024). Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Id.* We agree that plain error exists in the court's failure to follow this statute. Accordingly, we remand the cause to the district court to impose a period of revocation.

CONCLUSION

Finding no abuse of discretion in the sentence imposed, we affirm Bredemeier's conviction and sentence of imprisonment. However, we remand the cause to the district court to determine a period of revocation as required by statute.

AFFIRMED, AND REMANDED WITH DIRECTIONS.