NOT DESIGNATED FOR PUBLICATION

No. 123,762

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LORENZO DESHAWN HESTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed March 25, 2022. Sentence vacated and case remanded with directions.

*Kristen B. Patty*, of Wichita, for appellant.

*Brian Koch*, assistant district attorney, *Thomas Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., GARDNER, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Lorenzo Deshawn Hester pled guilty in the Reno County District Court to felony possession of marijuana with two or more prior convictions. In exchange, the State agreed to dismiss other drug-related charges. The district court accepted Hester's guilty plea. He requested, and the district court granted, a departure from his presumed sentence and sentenced Hester to 12 months' probation with an underlying sentence of 40 months' imprisonment and 12 months' postrelease supervision. The district court pronounced Hester's sentence from the bench:

1

"Forty months Department of Corrections, post release 12. Community Corrections for 12 months starting today. Costs 193, probation fee $120.00, BIDS application fee $100.00, $250.00 in attorney's fees. All conditions of the PSI. Sixty days jail sanction suspended."

Hester's probation was revoked two months later but reinstated for 12 months after Hester served a 3-day jail sanction. A month later, Hester again violated probation and the State again sought revocation of his probation. Hester failed to appear at the hearing on the matter and was finally arrested about a year later. At the hearing on this second revocation proceeding, the court revoked Hester's probation and ordered him to serve his original sentence.

Hester appeals, contending that his sentence as imposed is illegal because in pronouncing the sentence, the district court failed to include Hester's maximum potential good time reduction as required by statute.

A court can correct an illegal sentence at any time while the defendant is serving such sentence. K.S.A. 2020 Supp. 22-3504(a). This is true even if the defendant failed to raise the issue below and raises it for the first time on appeal. *State v. Fisher*, 304 Kan. 263, 264, 373 P.3d 781 (2016).

Under K.S.A. 2020 Supp. 22-3504(c)(1), an illegal sentence is a sentence that is "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

Under K.S.A. 2020 Supp. 21-6804(e)(2), the district court is required at sentencing to pronounce the defendant's prison sentence, the maximum potential reduction to such sentence as a result of good time, and the period of postrelease supervision. The sentencing court's failure to state a defendant's good time credit renders a sentence illegal because it is ambiguous with respect to the time of service. *State v. Bott*, No. 120,970, 2020 WL 3487480, at *3 (Kan. App. 2020) (unpublished opinion).

Here, the parties agree the district court failed to pronounce a complete sentence by not stating the amount of potential good time credit Hester could earn. A journal entry was filed later to memorialize the proceedings, but the pronouncement of the sentence from the bench controls over whatever is stated in the journal entry. *State v. Brown*, 298 Kan. 1040, 1057, 318 P.3d 1005 (2014). Accordingly, we must vacate Hester's sentence and remand to the district court for resentencing that includes the missing provision for Hester's maximum potential good time reduction as required by statute.

Though the State concedes the sentencing error, it argues that due to the ongoing COVID-19 pandemic, "a most extraordinary circumstance," to require Hester to appear in person in open court for a pronouncement of the correct sentence would create a grave and unnecessary risk to Hester, those transporting him to court, and all those in attendance at the hearing. The State contends that the medical risks associated with the COVID-19 pandemic can be mitigated by "informing the defendant of his right to good time credit in writing" through an appropriate journal entry.

The State's proposed disposition raises a question of law over which we have unlimited review. See *State v. McDaniel*, 306 Kan. 595, 600, 395 P.3d 429 (2017).

A defendant's right to be present at sentencing is codified in K.S.A. 2020 Supp. 22-3405(a). As stated in *State v. Davis*, 284 Kan. 728, 731, 163 P.3d 1225 (2007):

"A defendant has a constitutional right to be present during critical stages of a criminal proceeding. That right emanates from the Sixth Amendment right to confront witnesses and from the right to due process guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution."

In *State v. Braun*, 253 Kan. 141, Syl. ¶ 1, 853 P.2d 686 (1993), the court stated:

"Only in the most extraordinary circumstances, and where it would otherwise work an injustice, should a court sentence a defendant *in absentia*, and then only under appropriate safeguards, as where the defendant has expressly waived his or her right to be present, either by sworn affidavit or in open court."

Our Supreme Court has issued a series of administrative orders in connection with the COVID-19 pandemic. Kansas Supreme Court Administrative Order 2021-PR-048, effective June 1, 2021, stated:

"Subject only to constitutional limitations, all district and appellate courts in Kansas must develop and follow minimum standard health protocols to avoid exposing court users, staff, and judicial officers to COVID-19. Courts must establish COVID-19 screening and communication protocols including supplemental screening questions for juror questionnaires. Courts must also consider whether physical distancing and mask usage are necessary based on local conditions."

We in no way minimize the medical risks associated with the COVID-19 pandemic that we have all suffered through during the past two years. But since the filing of the State's brief, we have received welcomed news that the spread of the virus and the number of associated illnesses, hospitalizations, and deaths currently are in decline. This is not to say that an increase in infections may not occur between now and further proceedings to correct the sentencing error here. But while the State has referred to statistical information from last year from the Kansas Department of Health and Environment and the Center for Disease Control and Prevention, the state of flux we

4

currently experience does not support relying on those statistics in deciding the procedure to be followed on remand.

On remand, the district court must apply the health protocols required by the Kansas Supreme Court Administrative Order that is in effect for proceedings at the Reno County Courthouse at the time of Hester's resentencing.

Sentence vacated and case remanded with directions.